UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYZON GRIFFIN,<br>Plaintiff,<br>v.<br>A. CISNEROS, *et al.*,<br>Defendants. | Case No. 2:26-cv-2297-JDP (P)<br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges violations of his First and Eighth Amendment rights. The complaint contains multiple, insufficiently related claims against more than one defendant in violation of the federal rules of civil procedure. I will dismiss the complaint with leave to amend so that plaintiff may remedy this deficiency. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 5.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff's complaint appears to contain at least two insufficiently related claims against more than one defendant. He alleges that, in January 2025, defendant Cisneros was assigned as an investigative employee during his rules violation report ("RVR") proceedings. ECF No. 1 at 6. These proceedings ended with plaintiff's conviction, but that finding was overturned after exculpatory evidence came to light. *Id.* Plaintiff appears to allege that he filed a grievance

associated with these proceedings, but he does not offer any specifics as to the content of the grievance or what officers it accused of wrongdoing. *Id.* Regardless, in October of 2025, he alleges that defendant Cisneros conspired with gang-affiliated inmates to assault him. *Id.* at 6-7. Defendant Cisneros also allegedly falsely identified him as a sex offender, increasing the likelihood that other inmates would harm him. *Id.* at 7. It is unclear from the complaint why Cisneros took these actions or whether plaintiff is alleging that they were undertaken in retaliation for some protected activity.

Separately, he alleges that, in November 2025, he filed a grievance concerning Cisneros' actions. *Id.* at 8. He claims that defendants Chapman and Toan charged him with a false RVR in retaliation for the grievance he filed against Cisneros. *Id.* at 8-10.

These allegations are not, as articulated, sufficiently related to proceed together. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether defendant Cisneros violated plaintiff's Eighth Amendment rights appears to be a separate factual and legal question from whether two other officers independently retaliated against him for filing a grievance based on his safety concerns. If these claims are related plaintiff must, in an amended complaint, explain that connection.

Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE